**Jeffrey R. CONDON, Plaintiff–Appellant,**

v.

**FLYING PUCK, LLC., Defendant–Appellee.**

No. 00–4456.

United States Court of Appeals, Sixth Circuit.

May 8, 2002.

Before MARTIN, BOGGS, and DAUGHTREY, Circuit Judges.

PER CURIAM.

The plaintiff, Jeffrey Condon, appeals an order of the magistrate judge, sitting as the district court, that dismissed his complaint for breach of an employment contract. The dismissal was based on the court's determination that it lacked personal jurisdiction over the defendant, Flying Puck, LLC, which operates the Condors, a professional hockey team in Bakersfield, California. We conclude that the court did not err and affirm.

In 1997, Condon responded to a job-posting on the Internet announcing an open position as the director of ticket sales for Condors home games. At the time that Condon read the posting, he was living in Ohio. After an exchange of e-mails, phone calls, and faxes between the defendant in California and the plaintiff in Ohio, the plaintiff signed an employment contract with the defendant and relocated to California.

In March 1999, Condon was dismissed by the defendant and thereafter relocated to Texas. In January 2000, he initiated legal action, claiming breach of the employment contract for failure to pay him commissions, in the Common Pleas Court of Wood County, Ohio. The defendant removed the case to federal court, based on diversity jurisdiction, and filed a motion to dismiss for lack of personal jurisdiction or, alternately, due to improper venue.

The magistrate judge granted Flying Puck's motion to dismiss, holding that there were insufficient contacts to Ohio for the exercise of personal jurisdiction. The detailed opinion of the magistrate judge recognizes that while the employment contract negotiations took place both in California and Ohio, all of the conduct from which the lawsuit arose occurred in California. The magistrate judge thus concluded that the exercise of personal jurisdiction over the defendant would not comport with "traditional notions of fair play and substantial justice" as defined by Sixth Circuit and Ohio precedent.

In reaching this conclusion, the judge correctly employed the three-part test that we established in *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968), as reiterated in *Calphalon v. Rowlette*, 228 F.3d 718, 721 (6th Cir.2000), and held that the plaintiff in this case had failed to establish all three parts of the *Southern Machine* test.

Specifically, the magistrate judge found as to the first part of the test that the defendant had not purposefully availed itself of the privilege of acting in the forum state of Ohio or causing a consequence in the forum state. In this regard, the judge carefully distinguished this case from that of *Cole v. Mileti*, 133 F.3d 433 (6th Cir. 1998), in which the Ohio plaintiff and the California defendant conducted an *ongoing* business relationship lasting over ten years, so that their business transactions "continuously arose from plaintiff's activities in Ohio."

The judge further found, with regard to the second part of the *Southern Machine* test, that "the operative facts of the controversy d[id] not arise from the Defendant's contacts within the state [of Ohio]," given that the basis for the claimed breach of contract "ar[o]se from the Defendant's failure to compensate Plaintiff for work performed in California pursuant to the employment agreement."

Finally, employing the third part of the test, the magistrate judge noted our ruling that "the mere existence of a contract between [the defendant] and an Ohio citizen ... is insufficient to confer personal jurisdiction over [the defendant]." *Calphalon*, 228 F.3d at 722. The judge further concluded that the acts of the defendant did not have "a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Machine*, 401 F.2d at 381. Instead, the judge found, much as we did in *Calphalon*, that the defendant's contacts with Ohio were purely "fortuitous." The court might also have added, as we held in *Calphalon*, that those contacts were "random" and "attenuated," and thus "precisely the type ... that the purposeful availment requirement is meant to prevent from causing jurisdiction" to attach. *Calphalon*, 228 F.3d at 723.

The briefing by the parties on appeal is identical to their briefing in the district court. We are pointed to no factual or legal error in the magistrate judge's memorandum decision of October 11, 2000, and we have found none on our own initiative. We therefore AFFIRM the decision to dismiss the complaint for lack of personal jurisdiction over the defendant, for the reasons stated by the magistrate judge therein.